UKRAINIAN NATIONAL ASSOCIATION OF JEWISH FORMER PRISONERS OF CONCENTRATION CAMPS & GHETTOS, Association of Victims of Nazi Persecution (Bundesverband Informationa Und Beratung Für NS–Verfolgte), International Movement of Former Juvenile Nazi Prisoners, Association of Liberated Prisoners in the Czech Republic, Ukrainian Organization of Anti–Fascist Freedom Fighters, Polish American Congress Ukrainian Association of Nazi Victims and Prisoners, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

UNITED STATES, Defendant.

Burt Neuborne, in his capacity as an express lawyer-trustee of the German Foundation, "Remembrance, Responsibility and the Future," and on behalf of the third-party beneficiaries of agreements leading to the establishment of the German Foundation; Roman Neuberger, Sylvia Greenbaum, and John Brand, in their individual capacities as third-party beneficiaries of the agreements leading to the establishment of the German Foundation, and as representatives of all German Foundation beneficiaries Plaintiffs,

v.

The German Foundation Industrial Initiative and its constituent managing companies, consisting of Allianz AG, BASF AG, Bayer AG, BMW AG, Commerzbank AG, DaimlerChrysler AG, Deutsche Bank AG, Degussa–Huells AG, Deutz AG, Dresdner Bank AG, Friedr. Krupp AG, Hoesch Krupp, Hoescht AG, RAG AG, Robert Bosch GmbH, Siemens AG, VEBA AG, and Volkswagen AG; and Bank Austria Creditanstalt and Hypo Vereinsbank AG, Defendants.

No. CV 01–6933, CV 01–7701.

United States District Court, E.D. New York.

Dec. 14, 2001.

Michael D. Hausfeld, Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Washington, DC, Alexander E. Barnett, Cohen Milstein Hausfeld & Toll, New York City, for plaintiffs.

Robert D. McCallum, Jr., Asst. Atty. Gen., U.S. Dept. of Justice, Fed. Programs Branch, Civ. Div., Washington, DC, by David J. Anderson, David O. Bucholz, Alan Vinegrad, U.S. Atty., E.D. N.Y., Brooklyn, NY, by Carolyn Lisa Miller, for U.S.

Nathaniel S. Shapo, Director of Ins., State of Ill., Chicago, IL, for Declarant.

Lothar Evers, Member of the Kuratorium of the German Foundation "Remembrance, Responsibility and the Future" and Founding Director of Ass'n of Victims of Nazi Persecution (Bundesverband Information und Beratung fur NS-Verfolgte), Federal Republic of Germany, for Defendant.

Robert A. Swift, Kohn, Swift & Graf, Philadelphia, PA, for Declarant.

Roman R. Kent, Commission Member of the International Commission of Holocaust Era Ins. Claims, New York, for Declarant.

### MEMORANDUM & ORDER

WEINSTEIN, Senior District Judge.

When filed, these cases were marked by the plaintiffs as "related" to another case, and, accordingly, assigned to the undersigned judge. *See* Civ. R. 50.3(e) (E.D.N.Y.). The underlying facts are sufficiently set forth elsewhere. Plaintiffs, complaining about failures to properly execute arrangements for partial compensation of Nazi victims by German institutions, seek to compel the United States to assist the plaintiffs (or at least not to deflect their efforts to assist themselves)— as, they claim, our government has agreed to do. *See In re Austrian and German Holocaust Litigation,* 250 F.3d 156, 158–64 (2d Cir.2001); *Ukrainian National Assoc. of Jewish Former Prisoners of Concentration Camps & Ghettos et al. v. United States,* slip op. at 2–5 (E.D.N.Y. Dec. 13, 2001); *Ukrain-ian National Assoc. of Jewish Former Prisoners of Concentration Camps & Ghettos et al. v. United States,* 2001 WL 1328412 (E.D.N.Y. Oct.19, 2001); *In re Austrian and German Bank Holocaust Litigation,* 2001 WL 228107 at *1–*3 (S.D.N.Y. Mar.8, 2001).

Plaintiffs concluded that the instant case was properly assigned as related to the Agent Orange cases because of a similar legal issue raised in both litigations—whether a settlement of a class action can be collaterally attacked. *See, e.g., Stephenson v. Dow Chemical Co.,* 273 F.3d 249, 2001 WL 1524389 (2d Cir. Nov.30, 2001) (recognizing res judicata effect of properly settled class action in Agent Orange case, but permitting collateral attack by aggrieved member of the class alleging subsequent injuries). The government suggests that the cases are not "related" and should be reassigned.

Local Rule 50.3 provides for assignment of "related" cases. In part the rule reads:

50.3 Related Cases; Motions for Consolidation of Cases

(a) "Related" Case Defined

A case is "related" for the purpose of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.

(b) Civil Cases

■ By way of illumination and not limitation, the following civil cases are "related"; when a case (A) related to property involved in an earlier pending suit, or (B) involves the same factual issue or grows out of the same transaction as does a pending suit, or (C) involves the validity or infringement of a patent already in suit in a prior case.

The word "related" as used in the rules requires a factually or transactionally related matter. Similar legal issues alone will generally not support assignment to the same judge. *See United States v. Escobar,* 803 F.Supp. 611, 619 (E.D.N.Y.1992); *Am. Direct Marketing, Inc. v. Azad Int'l, Inc.,* 783 F.Supp. 84, 87 (E.D.N.Y.1992).

**104**

The suggestion by the United States that the cases were not related was made after dispositive motions were being considered by the judge to whom the case had been assigned. In the words of the rule, "a substantial saving of judicial resources [was] likely to result," from having this judge decide the motions to which he and the parties had already devoted considerable time.

The motions have now resulted in dismissal of the pending cases. *Ukrainian National Assoc. of Jewish Former Prisoners of Concentration Camps & Ghettos et al. v. United States*, slip op. at 2, 5 (E.D.N.Y. Dec. 13, 2001). Accordingly, there is no reason why these cases should not be reassigned now. *See* Civ. R. 50.3(f) (E.D.N.Y.) ("designation of cases as related may be corrected sua sponte by the judge to whom they are assigned, by returning to the clerk for reassignment cases erroneously so assigned...").

Any further proceedings in these cases should be conducted before a judge of this court selected randomly by the Clerk of the Court.

SO ORDERED